IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of America ex rel. Fabian Lamont EASON | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 09 C 3028 |
| v. | ) | |
| | ) | |
| Donald GAETZ, Warden, Menard Correctional Center | ) | JUDGE DAVID H. COAR |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before this Court are Petitioner Fabian Lamont Eason's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Respondent's motion to dismiss this petition as time-barred. For the reasons stated below, the Court finds that Petitioner's habeas petition is untimely and grants Respondent's motion to dismiss.

### BACKGROUND

On September 2, 1999, Petitioner Fabian Lamont Eason ("Petitioner") was convicted of first-degree murder in the Circuit Court of Cook County. He was sentenced to forty-five years of imprisonment and is now in the custody of Respondent Donald Gaetz ("Respondent"), the acting warden of the Menard Correctional Center in Menard, Illinois.

On direct appeal, the Illinois Appellate Court affirmed Petitioner's conviction on November 13, 2001. Petitioner did not file a petition seeking leave to appeal ("PLA") from this decision. On October 21, 2002, Petitioner filed a postconviction petition in the Circuit Court of Cook County. The trial court summarily dismissed this petition, but on appeal, the appellate

court remanded for additional proceedings. Petitioner then filed a supplemental postconviction petition, which was dismissed by the state trial court on June 28, 2005. The state appellate court affirmed this decision on February 20, 2008, and the state supreme court denied petitioner's PLA on May 29, 2008.

Petitioner then filed the instant habeas petition, which presents the following claims:

I. Petitioner's right to a fair trial was violated when the prosecutor made improper argument and improper cross-examination;

II. Petitioner's appellate counsel was ineffective for failing to raise claim one on direct appeal; and

III. Petitioner's trial counsel was ineffective for failing to question prospective jurors about gang bias.

Petitioner signed his habeas petition on January 14, 2009, though this Court did not receive and file the petition until May 19, 2009. The Court's docket entry noted that the prison mail room dated its receipt of the petition May 6, 2009, and the petition was postmarked May 14, 2009.

## DISCUSSION

Respondent moves to dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d). Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for habeas corpus relief filed by state prisoners under 28 U.S.C. § 2254. Section 2244(d)(1) specifically provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Since Petitioner does not allege a state-created impediment to filing, a newly recognized constitutional right, or the discovery of a factual predicate leading to a new claim, *see* § 2244(d)(1)(B)-(D), the limitations period in Petitioner's case began to run when his judgment became final by the expiration of the time for seeking direct review. *See* § 2244(d)(1)(A).

Petitioner's judgment of conviction was entered on October 19, 1999, and his conviction was affirmed on direct review on November 13, 2001. Because Petitioner did not file a PLA, his judgment became final upon "the expiration of the time for seeking such review." § 2244(d)(1)(A). At the time of Petitioner's direct appeal, Illinois Supreme Court Rule 315(b) allowed petitioners 21 days to file either a PLA or an affidavit declaring intent to file a PLA in the Illinois Supreme Court. Accordingly, Petitioner's judgment became final when this 21-day period expired on December 4, 2001. Petitioner's habeas petition was due one year later, on December 4, 2002. *See Modrowski v. Mote*, 322 F.3d 965, 966 (7th Cir. 2003).

The limitations period for filing a habeas petition is tolled (i.e., stops running) while a properly filed postconviction petition is pending. 28 U.S.C. § 2244(d)(2). Petitioner's clock therefore began running on December 4, 2001, but stopped on October 21, 2002, the date on which he filed his postconviction petition.[1] Although the statute of limitations clock was paused while Petitioner's postconviction petition was pending, it began running again at the conclusion of the postconviction proceedings, which was marked by Illinois Supreme Court's denial

---

[1] Although the Court credits the state court record and finds that Petitioner filed his postconviction petition on October 21, 2002, even if this Court were to credit petitioner's claim that he filed his petition on October 18, 2002, his habeas petition would still be untimely, as explained below.

petitioner's postconviction PLA on May 29, 2008. Unlike on direct review, the limitations period is not tolled during the 90 days within which Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2004). Accordingly, the limitations period began to run again on May 30, 2008. *See* Fed. R. Civ. P. 6(a); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). Since 320 days had already elapsed between the date upon which Petitioner's judgment became final (December 4, 2001) and the beginning of postconviction proceedings (October 21, 2002), Petitioner had to file his habeas petition within 45 days of May 30, 2008 to comply with the one-year statute of limitations imposed by AEDPA. Instead, Petitioner signed and dated his habeas petition 230 days later, on January 14, 2009.[2] Adding the period between the date on which Petitioner's conviction became final and the start of postconviction proceedings (December 5, 2001 – October 20, 2002) and the period between the conclusion of postconviction proceedings and the date on which Petitioner signed his habeas petition (May 30, 2008 – January 13, 2009), 549 days of untolled time elapsed before Petitioner filed his habeas petition. Accordingly, his petition was 184 days late.

Petitioner does not contest the calculation set forth above. Instead, he effectively asserts that the Court should excuse his tardy filing on equitable grounds. Under the doctrine of equitable tolling, a court may toll the statute of limitations to save an otherwise untimely petition if the petitioner can establish that: (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing his petition on time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As an initial matter, it is unclear whether this circuit allows equitable

---

[2] Although the prison mail room dated the petition received on May 6, 2009, and this Court received the petition on May 19, 2009, the Court will consider January 14, 2009 to be the date on which the petition was filed for the purposes of calculating its timeliness. The Court need not determine whether Petitioner is entitled to invoke the prisoner mailbox rule, *see Ingram v. Jones*, 507 F.3d 640, 644-45 (7th Cir. 2007), because even if he is, his petition is still untimely.

tolling under § 2244(d). *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) ("We have not, however, ruled whether or not equitable tolling should be available at all in a § 2254 context."). While the Seventh Circuit has suggested that equitable tolling might be applied to § 2244(d) "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition," *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007), this circuit has "yet to identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Even if this circuit did recognize the availability of equitable tolling under § 2244(d), none of Petitioner's arguments for invoking this doctrine have merit. Petitioner first contends that the delay in filing his habeas petition should be excused because it was not due to his "culpable negligence." This general assertion imports a state-law ground for excusing untimely postconviction petitions; it therefore has no bearing in a federal habeas proceeding. *See* 725 ILCS 5/122-1(c); *People v. Perkins*, 890 N.E.2d 398, 403 (Ill. 2007).

The crux of Petitioner's remaining argument for invoking the equitable tolling doctrine is that he was misinformed about the proper procedure for filing a habeas petition; he claims that his attorney never adequately informed him about the appeal process, and his attorney improperly informed him that he had one year to file his habeas petition after the denial of his postconviction PLA. Although this Court recognizes that Petitioner is far from the first litigant to struggle with the complex rules governing habeas corpus proceedings, it is well-established in the Seventh Circuit that mistakes of law, even if reasonable, do not provide a basis for equitable tolling. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("even

reasonable mistakes are not a basis for equitable tolling"). Furthermore, not even an attorney's miscalculation of the limitations period constitutes grounds for equitable tolling. *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999).

Based on the above analysis, the Court must respectfully dismiss Eason's petition as time-barred. There simply is no question that the one-year limitations period imposed by AEDPA had expired before the petition was filed in this Court, and Petitioner's arguments for invoking the doctrine of equitable tolling are unavailing.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss Eason's petition for a writ of habeas corpus is GRANTED.

Enter:
/s/ David H. Coar
_____
David H. Coar
United States District Judge

**Dated:** January 7, 2010